**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**LUCAS WALL,**

          **Plaintiff,**

v.

**RELIANCE STANDARD LIFE**
**INSURANCE COMPANY,** *et al.*,

          **Defendants.**

**Case No. 20-cv-2075 (EGS/GMH)**

---

## <u>MEMORANDUM OPINION AND ORDER</u>

In this case, *pro se* Plaintiff Lucas Wall has one remaining claim against Defendant Tajuddin Jiva, M.D. ("Jiva"), for medical malpractice. Jiva has filed a motion to dismiss that claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the reasons discussed below, Jiva's motion to dismiss will be stricken from the record, but he will be given the opportunity to file a motion for judgment on the pleadings pursuant to Rule 12(c).

Plaintiff filed his original complaint in the Small Claims and Conciliation Branch of the Superior Court of the District of Columbia against Defendant Reliance Standard Life Insurance Co. ("Reliance"), seeking $10,000 in damages for "harassment, invasion of privacy, and intentional infliction of emotional distress arising out of the termination of his disability benefits." *Wall*, 2021 WL 2209405, at *1; *see also* ECF No. 1-1. Reliance removed the case to this Court, alleging federal question jurisdiction based on the Employment Retirement Income Security Act of 1974

---

[1] The docket entries most relevant to this Memorandum Opinion and Order are (1) the operative complaint (ECF No. 32), as modified by Judge Sullivan's decision on Plaintiffs' motion for leave to file a second amended complaint (ECF No. 27; *see also Wall v. Reliance Standard Life Ins. Co.*, No. 20-cv-2075, 2021 WL 2209405 (D.D.C. June 1, 2021)); (2) Jiva's answer to the operative complaint (ECF No. 40); (3) Jiva's motion to dismiss (ECF No. 56); (4) Plaintiff's opposition to the motion to dismiss (ECF No. 67); and (5) Jiva's reply (ECF No. 68). The page numbers cited herein are those assigned by the Court's CM/ECF system.

("ERISA"), 29 U.S.C. § 1001, *et seq.  See Wall*, 2021 WL 2209405, at *1; *see also* ECF No. 1.
Plaintiff filed and withdrew a motion for leave to file an amended complaint (ECF Nos. 16, 20)
and then a motion for leave to file a second amended complaint (ECF No. 21).

The proposed second amended complaint alleged seven causes of action, including one for
medical malpractice against Jiva, based on a peer review of Plaintiff's medical records allegedly
performed by Jiva in 2019.  *See Wall*, 2021 WL 2209405, at *1; ECF No. 21 at 24–64.  Reliance
opposed the motion to amend and Judge Sullivan issued a decision granting in part and denying in
part the motion, which allowed Plaintiff to "proceed on his ERISA claims [against Reliance] for:
(1) the interest on the six months of withheld benefits;[2] (2) clarification of his right to future ben-
efits; and (3) enforcing his rights under the plan; and on his medical malpractice claim against Dr.
Jiva." *Wall*, 2021 WL 2209405, at *12.  Plaintiff filed the now-operative complaint in June 2021.[3]
ECF No. 32.  Reliance filed its answer later that same month.  ECF No. 28.  Jiva filed an answer
in August 2021.  ECF No. 40.  Jiva then filed his motion to dismiss the operative complaint pur-
suant to Rule 12(b)(6) in October 2021.  ECF No. 56.

This case was referred to the undersigned for full case management up to but excluding
trial on February 1, 2022.  At the time the case was referred, Plaintiff had a pending motion for
extension of time to file a response to the motion to dismiss, which argued that he could not re-
spond to the motion until he received discovery from Jiva.  ECF No. 58.  The undersigned denied
the motion for an extension of time on that ground, noting that a Rule 12(b)(6) motion requires the
court to determine the complaint's legal sufficiency and that, therefore, discovery was unnecessary

---

[2] Plaintiffs' disability benefits were reinstated after this action was filed.  *See Wall*, 2021 WL 2209405, at *1; ECF No. 21 at 22.

[3] The amended complaint on the docket is identical to the proposed amended complaint from which Judge Sullivan's decision culled a number of claims.  *Compare* ECF No. 32 *with* ECF No. 21 at 16–64.  Thus, there are causes of action included in the operative complaint that are defunct.

to Plaintiff's response.  ECF No. 62 at 1–3.  That order further set a deadline for Plaintiff's oppo-
sition to the motion to dismiss and Jiva's reply.  *Id.* at 3.

Plaintiff's opposition to the motion to dismiss makes a single substantive argument:  that
Jiva's Rule 12(b)(6) motion was untimely filed because, under the plain text of the rule, such a
motion must be filed before a defendant answers the complaint; it is a motion under Rule 12(c)—
known as a motion for judgment on the pleadings—that is filed after the pleadings have closed.
ECF No. 67 at 1.  He therefore asked that Jiva's motion to dismiss be denied outright or, if the
motion is not denied, that he be provided another fourteen days to respond to the merits of the
motion.  *Id.* at 2.  Jiva's reply recognized that a Rule 12(b)(6) motion must be filed before an
answer, but argues that "[w]hen a motion to dismiss for failure to state a claim is styled as a Rule
12(b)(6) motion rather than a Rule 12(c) motion, the sensible path for the Court to follow is to treat
the motion as having been filed under Rule 12(c)," because "[t]he standard applicable to both Rule
12(b)(6) and Rule 12(c) motions is the same."  ECF No. 68 at 2 (citing *Walker v. Kelly*, 589 F.3d
127, 139 (4th Cir. 2009)).

Jiva is correct that many courts have approved treating a post-answer motion filed under
Rule 12(b) as a motion filed under Rule 12(c).  *See, e.g.*, *Walker*, 589 F.3d at 139; *Armatas v.
Aultman Health Found.*, No. 5:19CV349, 2020 WL 1650841, at *2–3 (N.D. Ohio Mar. 27, 2020)
(collecting cases from that district); *Tolar v. Bradley Arant Boult Cummings LLP*, No. 2:13-cv-
132, 2016 WL 611921, at *4 (N.D. Ala. Feb. 16, 2016); *Davis v. Macey*, 901 F. Supp. 2d 1107,
1108–09 (D. Kan. 2012).  Even some courts in this circuit have done so.  *See, e.g.*, *Douglass v.
District of Columbia*, 605 F. Supp. 2d 156, 161 (D.D.C. 2009); *Bowman v. District of Columbia*,
562 F. Supp. 2d 30, 32 (D.D.C. 2008); *WAKA LLC v. DC Kickball*, 517 F. Supp. 2d 245, 249

(D.D.C. 2007).  These cases approve that procedure on the basis that the standards under Rule 12(b)(6) and Rule 12(c) are the same.  *See, e.g.*, *Douglass*, 605 F. Supp. 2d at 161.

However, a more recent decision in this circuit disagrees with that approach.  In *Murphy v. Department of Air Force*, then-District Judge Ketanji Brown Jackson noted that the D.C. Circuit, as well as its district courts, "routinely recognize the subtle yet significant distinction between Rule 12(b)(6) and Rule 12(c) motions," stating, "[t]he D.C. Circuit puts it this way: to support a Rule 12(c) motion, 'the moving party [must] demonstrate[ ] that no material fact is in dispute and that it is entitled to judgment as a matter of law.'"  326 F.R.D. 47, 49 (D.D.C. 2018) (alterations in original) (quoting *Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1370 (D.C. Cir. 2008)).  Specifically, while a Rule 12(b)(6) motion "is focused solely on the *insufficiency* of the complaint's allegations—as opposed to their accuracy," a Rule 12(c) motion "relates to the *merits* of the claims in the complaint" and "relies on both sets of pleadings (i.e., the plaintiff's complaint and the defendant's answer) to support an argument made by either party about the merits of the dispute at hand."  *Id.* at 48–49.  Thus, the burden under Rule 12(c) is "substantial," requiring the movant to "show *both* that there is no material dispute of fact (as reflected in the parties' pleadings) *and* that the law is such that the movant is entitled to judgment as a matter of law."  *Id.* at 49; *accord B&S Glass, Inc. v. Del Metro*, No. 20-cv-2769, 2021 WL 3268360, at *3 (D.D.C. July 30, 2021) (relying on *Murphy*); *Young v. Perdue*, No. 19-cv-2144, 2020 WL 3448011, at *2 (D.D.C. June 24, 2020) (same); *Weng v. Pizzella*, No. 15-cv-504, 2019 WL 6109268, at *5 (D.D.C. Oct. 31, 2019) (same); *Rhodes v. Superior Ct. of D.C.*, No. 17-698, 2018 WL 4828404, at *1 (D.D.C. Oct. 4, 2018) (same).  Therefore, the court in *Murphy* struck the defendant's Rule 12(b)(6) motion and set a deadline for it to "reassess its position and decide whether it wishes to file a Rule 12(c)

motion that properly conforms to the applicable legal requirements, or otherwise move forward to

discovery." 326 F.R.D. at 50.  That is also the appropriate outcome here.

Accordingly, it is hereby

**ORDERED** that Jiva's motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 56) is

**STRICKEN FROM THE RECORD**.  It is further

**ORDERED** that, on or before March 14, 2022, Jiva shall file a status report informing the

Court whether he intends to file a motion for judgment on the pleadings pursuant to Rule 12(c).  If

he intends to file a Rule 12(c) motion, that status report shall include a proposed briefing schedule

for that motion.

**SO ORDERED.**

Date: February 28, 2022                              _____

G. Michael Harvey
United States Magistrate Judge