**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
LUCAS WALL,

                Plaintiff,

v.

RELIANCE STANDARD LIFE
INSURANCE CO., et al.,

                Defendants.
```

Civ. Action No. 20-2075
(EGS/GMH)

**MEMORANDUM OPINION**

## I.   Introduction

Plaintiff Lucas Wall ("Mr. Wall"), proceeding *pro se*, brings this lawsuit against Reliance Standard Life Insurance Company ("Reliance") and Dr. Tajuddin Jiva, M.D. ("Dr. Jiva") (collectively, "Defendants"), seeking damages following the termination of his disability benefits. Second Am. Compl., ECF No. 32;[1] *Wall v. Reliance Standard Life Ins. Co.*, No. CV 20-2075 (EGS), 2021 WL 2209405, at *12 (D.D.C. June 1, 2021). As relevant here, Mr. Wall alleges one count of medical malpractice against Dr. Jiva. *See Wall*, 2021 WL 2209405, at *12.

On February 1, 2022, the Court referred this case to a magistrate judge for full case management, *see* Minute Order

---

[1] When citing electronic filings throughout this Opinion, the Court refers to the ECF page numbers, not the page numbers of the filed documents.

(Feb. 1, 2022); and the case was randomly assigned to Magistrate
Judge G. Michael Harvey, *see* Docket Civ. Action No. 20-2075. Dr.
Jiva thereafter moved for judgment on the pleadings to dismiss
the count against him. *See* Def., Tajuddin Jiva, M.D.'s, Mot. J.
Pleadings Dismiss Count VII of Second Am. Compl., ECF No. 73. On
July 5, 2022, Magistrate Judge Harvey issued a Report and
Recommendation ("R. & R.") recommending that the Court grant Dr.
Jiva's motion. *See* R. & R., ECF No. 83.

Pending before the Court are Mr. Wall's Objections to the
R. & R., *see* Pl.'s Objs. Magistrate's R. & R. on Def. Tajuddin
Jiva's Mot. J. Pleadings ("Pl.'s Objs."), ECF No. 84; and Mr.
Wall's Motion to Vacate Part of the Court's June 1, 2021 Order,
*see* Pl.'s Mot. Vacate Part of Ct.'s June 1, 2021, Order &
Reinstate Counts II & IV of Second Am. Compl. Against Def.
Tajuddin Jiva ("Pl.'s Mot."), ECF No. 85. Upon careful
consideration of the R. & R., the objections, and opposition
thereto; the motion and opposition thereto; the applicable law;
and the entire record herein, the Court hereby **ADOPTS** Magistrate
Judge Harvey's R. & R., *see* ECF No. 83; **GRANTS** Dr. Jiva's Motion
for Judgment on the Pleadings, *see* ECF No. 73; and **DENIES** Mr.
Wall's Motion to Vacate Part of the Court's June 1, 2021 Order,
*see* ECF No. 85.

## II.  Background

### A.  Factual

The background of this litigation was set forth in the Court's prior opinion and will not be repeated here. *See Wall*, 2021 WL 2209405, at *1. In short, Mr. Wall alleges that Reliance underwrites and administers his long-term disability benefits through a policy for the employees of the American Association of State Highway & Transportation Officials, by whom he was employed from June 2008 until March 2012. *See* Second Am. Compl., ECF No. 32 ¶¶ 1-2. In March 2012, Mr. Wall became "Totally Disabled" due to Non-24-Hour Sleep/Wake Disorder. *Id.* ¶ 1. He received long-term disability benefits until January 29, 2020, when Reliance notified him that it was terminating his benefits. *Id.* ¶ 11.

On April 30, 2020, Mr. Wall appealed Reliance's termination decision. *Id.* ¶ 15. He alleges that Reliance then commissioned a "peer review" by Dr. Jiva and that he submitted a rebuttal to Dr. Jiva's report. *Id.* ¶¶ 17-18. Reliance denied his appeal on July 29, 2020. *Id.* ¶ 20. Thereafter, Reliance had Mr. Wall undergo an Independent Medical Examination, after which the termination of his benefits was reversed. *Id.* ¶¶ 22-23.

### B.  Procedural

On April 5, 2022, Dr. Jiva moved for judgment on the pleadings. *See* Def., Tajuddin Jiva, M.D.'s, Mot. J. Pleadings

Dismiss Count VII of Second Am. Compl., ECF No. 73. Mr. Wall filed a brief in opposition on April 24, 2022, *see* Pl.'s Opp'n Def. Tajuddin Jiva's Mot. J. Pleadings, ECF No. 75; and Dr. Jiva filed his reply brief on May 2, 2022, *see* Def. Tajuddin Jiva, M.D.'s Reply Pl.'s Opp'n Def.'s Mot. J. Pleadings Dismiss Count VII, Pl.'s Medical Malpractice Claim, from Second Am. Compl., ECF No. 77. On July 5, 2022, Magistrate Judge Harvey issued his R. & R. recommending that the Court grant Dr. Jiva's motion. *See* R. & R., ECF No. 83.

On July 19, 2022, Mr. Wall submitted Objections to the R. & R. *See* Pl.'s Objs., ECF No. 84. Dr. Jiva filed an opposition brief on August 2, 2022. *See* Def., Tajuddin Jiva, M.D.'s, Resp. Pl.'s Objs. Magistrate Judge's R. & R. (#83) on Def.'s Mot. J. Pleadings ("Def.'s Opp'n"), ECF No. 87.

Mr. Wall also filed a Motion to Vacate Part of the Court's June 1, 2021 Order on July 20, 2022. *See* Pl.'s Mot., ECF No. 85. Dr. Jiva filed his opposition on August 2, 2022. *See* Def., Tajuddin Jiva, M.D.'s, Opp'n Pl.'s Mot. (#85) Vacate Part of Ct.'s June 1, 2021 Order (#26) ("Def.'s Opp'n"), ECF No. 86.

The objections and the motion are now ripe and ready for adjudication.

## III. Legal Standard

### A. Objections to a Magistrate Judge's R. & R.

Pursuant to Federal Rule of Civil Procedure 72(b), a party may file specific written objections once a magistrate judge has entered a recommended disposition. Fed. R. Civ. P. 72(b)(1)-(2). A district court "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R. & R.] only for clear error." *Houlahan v. Brown*, 979 F. Supp. 2d 86, 88 (D.D.C. 2013) (citation and internal quotation marks omitted). "Under the clearly erroneous standard, the magistrate judge's decision is entitled to great deference" and "is clearly erroneous only if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." *Buie v. Dist. of Columbia*, No. CV 16-1920 (CKK), 2019 WL 4345712, at *3 (D.D.C. Sept. 12, 2019) (internal quotation marks omitted) (quoting *Graham v. Mukasey*, 608 F. Supp. 2d 50, 52 (D.D.C. 2009)).

Objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection." LCvR 72.3(b). "[O]bjections which merely rehash an argument presented and considered by the magistrate judge are not 'properly objected to' and are therefore not entitled to de novo review." *Shurtleff v. EPA*, 991 F. Supp. 2d 1, 8 (D.D.C. 2013) (quoting *Morgan v. Astrue*, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009)). The Court reviews Mr. Wall's objections *de novo*.

### B.   Rule 12(c) Motion for Judgment on the Pleadings

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion pursuant to Rule 12(c) is appropriately granted when, at the close of the pleadings, "no material issue of fact remains to be solved, and [the movant] is clearly entitled to judgment as a matter of law." *Montanans for Multiple Use v. Barbouletos*, 542 F. Supp. 2d 9, 13 (D.D.C. 2008) (citations and internal quotation marks omitted).

When evaluating a motion for judgment on the pleadings under Rule 12(c), courts employ the same standard that governs a Rule 12(b)(6) motion to dismiss. *Jung v. Ass'n of Am. Med. Colls.*, 339 F. Supp. 2d 26, 35–36 (D.D.C. 2004). A court must treat the factual allegations in the complaint as true, "even if

6

doubtful in fact," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); but it need not accept as true legal conclusions set forth in a complaint, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, a court must accept the plaintiff's well-pleaded factual allegations to the extent that "they plausibly give rise to an entitlement to relief," *id.* at 679; and "may thus only grant judgment on the pleadings if it appears, even accepting as true all inferences from the complaint's factual allegations, that the plaintiff cannot prove any set of facts entitling him to relief," *Lans v. Adduci Mastriani & Schaumberg LLP*, 786 F. Supp. 2d 240, 265 (D.D.C. 2011) (citing *In re United Mine Workers of Am. Emp. Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994)).

### C.   Motion to Vacate Order

Federal Rule of Civil Procedure 54(b) governs Mr. Wall's Motion to Vacate Part of the Court's June 1, 2021 Order, ECF No. 85, because the Court has not entered a final judgment. *Shapiro v. U.S. Dep't of Just.*, No. CV 13-555 (RDM), 2016 WL 3023980, at *2 (D.D.C. May 25, 2016) (applying Rule 54(b) to a motion for reconsideration "[b]ecause the Court ha[d] not entered final judgment"). Under Rule 54(b), "the Court [may] revisit any order that adjudicates 'fewer than all the claims or rights and liabilities of fewer than all the parties . . . at any time

before' the entry of final judgment." *Id.* (quoting Fed. R. Civ. P. 54(b)).

The standard for determining whether or not to grant a Rule 54(b) motion is the "as justice requires" standard. *Jud. Watch v. Dep't of Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006). Under this flexible standard, the Court considers "whether the court patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." *In Def. of Animals v. Nat'l Insts. of Health*, 543 F. Supp. 2d 70, 75 (D.D.C. 2008) (internal quotation marks omitted); *see also Montgomery v. Internal Revenue Serv.*, 356 F. Supp. 3d 74, 79 (D.D.C. 2019), *aff'd*, 40 F.4th 702 (D.C. Cir. 2022) ("[T]here must be some 'good reason' to reconsider an issue already litigated by the parties and decided by the court, such as new information, a misunderstanding, or a clear error.").

The moving party has the burden of demonstrating "'that some harm, legal or at least tangible, would flow from a denial of reconsideration.'" *In Def. of Animals*, 543 F. Supp. 2d at 76 (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005)). "[E]ven if justice does not require reconsideration of an interlocutory ruling, a decision to reconsider is nonetheless within the court's discretion." *Id.* (internal quotation marks

8

omitted). However, this discretion is "limited by the law of the case doctrine and 'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Id.* (quoting *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005)).

   **D.   *Pro Se* Litigants**

   "[P]ro se litigants are not held to the same standards in all respects as are lawyers." *Roosevelt Land, LP v. Childress*, No. CIV.A. 05-1292(RWR), 2006 WL 1877014, at *2 (D.D.C. July 5, 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The pleadings of *pro se* parties therefore "[are] to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation and internal quotation marks omitted). Even so, "[t]his benefit is not . . . a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)). *Pro se* litigants must comply with federal and local rules. See *Jarrell*, 656 F. Supp. at 239; *Roosevelt Land*, 2006 WL 1877014, at *2.

## III. Analysis

### A. New York Law Governs Mr. Wall's Medical Malpractice Claim

Mr. Wall objects to Magistrate Judge Harvey's conclusion that New York substantive law should govern this dispute and argues that District of Columbia substantive law should apply instead. *See* Pl.'s Objs., ECF No. 84 at 7-10. For the reasons that follow, the Court concludes that New York law applies to Mr. Wall's medical malpractice claim and **ADOPTS** this portion of Magistrate Judge Harvey's R. & R.

To resolve Mr. Wall's medical malpractice claim against Dr. Jiva, the Court first must determine whether New York or District of Columbia law governs the dispute.[2] Magistrate Judge Harvey resolved the dispute in favor of New York law on two grounds: (1) New York law applies because the parties implicitly agree that New York law applies, *see* R. & R., ECF No. 83 at 6-7; and (2) New York law applies because New York has a greater interest in applying its law to this dispute, *see id.* at 8-12. Mr. Wall objects to both conclusions, *see* Pl.'s Objs., ECF No. 84 at 7-10; and the Court addresses each objection in turn.

---

[2] As Magistrate Judge Harvey explained in the R. & R., New York and District of Columbia law are the only options to resolve this choice-of-law question. *See* R. & R., ECF No. 83 at 6 & n.4. The medical malpractice claim involves Dr. Jiva, who is a resident of New York, and Mr. Wall, who is a resident of the District of Columbia. *See* Second Am. Compl., ECF No. 32 at 2.

### 1.   The Parties' Agreement

Mr. Wall first argues that he did not agree—implicitly or otherwise—that New York law governs this dispute. *See id.* at 7-8. He contends that, as a *pro se* litigant, he did not waive or forfeit any choice-of-law arguments because he "ha[s] no concept of 'choice of law'" and is "therefore entitled to deference in raising these arguments now." *Id.* at 7. For further support, he points to his briefing on Dr. Jiva's motion and reasons that his reference to the law of other jurisdictions—including, for example, Arizona, California, Colorado, Kansas, Massachusetts, Michigan, Montana, New Hampshire, New Jersey, Texas, and Virginia—confirms that he did not understand the choice-of-law question. *Id.* at 7-8 (citing R. & R., ECF No. 83 at 7). Dr. Jiva responds that Mr. Wall waived any argument that District of Columbia law applies here because he did not raise that argument in his Rule 12(c) opposition briefing. Def.'s Opp'n, ECF No. 87 at 2 (citing *Essroc Cement Corp. v. CTI/D.C., Inc.*, 740 F. Supp. 2d 131, 138-39 (D.D.C. 2010); *Am. Civ. Constr., LLC v. Fort Myer Constr. Corp.*, 296 F. Supp. 3d 198, 203-04 (D.D.C. 2018)). He further argues that Mr. Wall's ignorance of choice-of-law principles is no excuse. *See id.*

The Court agrees with Magistrate Judge Harvey's analysis and conclusion. In deciding a choice-of-law question, a court may apply the law of the jurisdiction that the parties agree

11

governs the dispute. *See Perry Cap. LLC v. Mnuchin*, 864 F.3d
591, 626 n.24 (D.C. Cir. 2017) (applying Delaware law where
parties agreed to apply Delaware law); *Am. Civ. Constr., LLC*,
296 F. Supp. 3d at 204 (applying District of Columbia law to
contract dispute where parties "appear[ed] to implicitly agree"
that District of Columbia law should govern). The parties'
agreement also serves as waiver of any objection to the court's
application of that law. *See Perry Cap. LLC*, 864 F.3d at 626
n.24. Here, the parties—including Mr. Wall—have agreed that New
York law should govern the medical malpractice claim. Dr. Jiva
argued that New York law should apply in his Motion for Judgment
on the Pleadings. *See* Mem. in Supp. of Def. Tajuddin Jiva,
M.D.'s Mot. J. Pleadings Dismiss Count VII, Pl.'s Medical
Malpractice Claim, from Second Am. Compl., ECF No. 73-1 at 4-6.
Mr. Wall accepted that New York law would govern this claim in
his opposition brief. *See* Pl.'s Opp'n Def. Tajuddin Jiva's Mot.
J. Pleadings, ECF No. 75 at 3 ("There are four basic elements of
a compensable medical malpractice claim in New York."); *id.* at 4
("Dr. Jiva ignores that New York law defines medical misconduct
as including 'Practicing the profession with gross negligence on
a particular occasion' and 'Practicing the profession with gross
incompetence.'" (quoting N.Y. Educ. Law § 6530)); *id.* at 8
("There is no distinction in New York between malpractice
insurance available to doctors performing independent medical

exams than to those practicing medicine in more traditional contexts." (citing *Bazakos v. Lewis*, 911 N.E.2d 847 (N.Y. 2009))). Mr. Wall did not suggest that the law of any jurisdiction other than New York should apply to this claim, thereby conceding that New York law governs. *See Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) ("It is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (citing *FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002))).

Mr. Wall's status as a *pro se* plaintiff does not change the Court's conclusion. True, the pleadings of a *pro se* plaintiff are "subject to 'less stringent standards than formal pleadings drafted by lawyers.'" *Gray v. Poole*, 275 F.3d 1113, 1115 (D.C. Cir. 2002) (quoting *Haines*, 404 U.S. at 520). Nevertheless, the Court cannot ignore the fact that Mr. Wall failed to address Dr. Jiva's specific argument that New York law applies to the medical malpractice claim. *See Boritz v. United States*, 685 F. Supp. 2d 113, 121 (D.D.C. 2010) (treating argument as conceded where *pro se* plaintiff failed to respond to it despite submitting an opposition brief). Nor can it avoid Mr. Wall's specific references to New York law. *See supra*. The Court is

therefore satisfied that Mr. Wall agreed that New York law
governs his medical malpractice claim.

### 2. Choice-of-Law Analysis

Mr. Wall also objects to Magistrate Judge Harvey's choice-
of-law analysis. *See* Pl.'s Objs., ECF No. 84 at 8-10. He
concedes, as he must, that Magistrate Judge Harvey relied on the
appropriate legal standard. *Id.* at 8-9. That is: a federal court
sitting in diversity must "apply the choice-of-law rules of the
jurisdiction in which they sit." *Ideal Elec. Sec. Co. v. Int'l
Fid. Ins. Co.*, 129 F.3d 143, 148 (D.C. Cir. 1997) (citing *Lee v.
Flintkote Co.*, 593 F.2d 1275, 1278-79 n.14 (D.C. Cir. 1979)).
District of Columbia law requires that the Court first determine
whether a "true conflict" exists between the laws of the
jurisdictions. *See Margolis v. U-Haul Int'l, Inc.*, 818 F. Supp.
2d 91, 100 (D.D.C. 2011) (quoting *Estate of Doe v. Islamic
Republic of Iran*, 808 F. Supp. 2d 1, 20 (D.D.C. Aug. 16, 2011);
*Sloan v. Urban Title Servs., Inc.*, 689 F. Supp. 2d 123, 132
(D.D.C. 2010); *GEICO v. Fetisoff*, 958 F.2d 1137, 1141 (D.C. Cir.
1992)). Where, as here, there is a true conflict, the Court
applies the District of Columbia's "'modified governmental
interests analysis which seeks to identify the jurisdiction with
the most significant relationship to the dispute.'" *Id.* (quoting
*Washkoviak v. Student Loan Mktg. Ass'n*, 900 A.2d 168, 180 (D.C.
2006)). Under this approach, the Court considers four factors:

(1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile or place of business of the parties, and (4) the place where the parties' relationship is centered. *See Drs. Groover, Christie & Merritt, P.C. v. Burke*, 917 A.2d 1110, 1117 (D.C. 2007) (citing Restatement (Second) of Conflict of Laws § 145). "As a rule, 'the state with the most significant relationship should also be the state whose policy is advanced by application of [its] law.'" *Id.* at 1118 (quoting *Hercules & Co. Ltd. v. Shama Rest. Corp.*, 566 A.2d 31, 41 n.18 (D.C. 1989)).

Mr. Wall objects to four points in the R. & R. *See* Pl.'s Objs., ECF No. 84 at 8-10. First, he argues that Magistrate Judge Harvey incorrectly determined that the first factor—the place where the injury occurred—weighs in favor of New York. *See id.* at 8. He contends that the injury occurred in the District of Columbia because that is "where [he] reside[s] and was forced to do without half [his] income after [his] long-term disability benefits were revoked as a result of Dr. Jiva's shoddy peer review." *Id.* Dr. Jiva does not specifically address this point in his opposition briefing. *See generally* Def.'s Opp'n, ECF No. 87. Nevertheless, the Court agrees with Magistrate Judge Harvey that this factor does not support either jurisdiction. *See* R. & R., ECF No. 83 at 11-12. As the Court explained in its prior Memorandum Opinion, Mr. Wall's medical malpractice claim "is not

related to the denial of benefits, but rather alleges that Dr. Jiva's conduct breached the applicable standard of care." *Wall*, 2021 WL 2209405, at *11. This point is essential: Mr. Wall's medical malpractice claim survived because it did not conflict with the provisions or object of ERISA. *See id.* The claim did not conflict with ERISA because it focused on an injury other than the denial of benefits. *See id.* As such, the Court is persuaded that the injury for this claim must have occurred when Dr. Jiva transmitted his report to Reliance, not when Mr. Wall was denied his benefits. *See id.* Because Dr. Jiva transmitted his report from New York to Pennsylvania, New York does not have a strong claim on this factor. Further, because the transmission of the report did not involve the District of Columbia, the District of Columbia does not have a claim on this factor either. The Court therefore concludes that Magistrate Judge Harvey correctly determined that the first factor does not support application of the law of either jurisdiction.

Second, Mr. Wall contends that the second factor—the place where the conduct causing the injury occurred—favors application of District of Columbia law. *See* Pl.'s Objs., ECF No. 84 at 9-10. Specifically, he argues that Dr. Jiva's conduct "directly led" to his injuries. *Id.* at 10. This argument is unpersuasive. The inquiry is where Dr. Jiva's conduct occurred. Because Dr. Jiva acted in New York, this second factor points in favor of

16

New York law. *See* Second Am. Compl., ECF No. 32 ¶ 256 (stating that Defendant Jiva "practices in New York"); Ex. 22, ECF No. 21-22 at 2 (stating that Dr. Jiva's "[r]eport was written in New York state").

Third, Mr. Wall argues that the fourth factor—the place where the parties' relationship is centered—should weigh in favor of District of Columbia law. *See* Pl.'s Objs., ECF No. 84 at 9. He does not explain this objection. *See generally id.* Because the Court detects no error in the R. & R., the Court agrees with Magistrate Judge Harvey that the parties' relationship is centered in New York. *See Houlahan*, 979 F. Supp. 2d at 88 ("If, however, the party makes only conclusory or general objections, . . . the Court reviews the [R. & R.] only for clear error.").

Fourth, Mr. Wall contends that the District of Columbia has the stronger interest in having its law applied to this claim. *See* Pl.'s Objs., ECF No. 84 at 9. He points to: (1) "the general public policy interest of ensuring that D.C. residents receive adequate medical care and are not injured by physicians who are sworn to help people"; (2) the "special concern" that people with disabilities "receive[] the disability benefits to which [they are] entitled"; and (3) the financial harm the jurisdiction suffers when people with disabilities who are denied disability benefits become public charges. *Id.* Mr. Wall

17

has misconstrued the caselaw here. The Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has explained that "'[t]he state where the defendant's conduct occurs has the dominant interest in regulating it,' . . . particularly so where, as here, it is impossible meaningfully to separate the injury from the tortious conduct, and where other factors—such as the residence or place of business of the parties—do not point in the opposite direction." *Bledsoe v. Crowley*, 849 F.2d 639, 643 (D.C. Cir. 1988) (quoting *Biscoe v. Arlington Cnty.*, 738 F.2d 1352, 1361 (D.C. Cir. 1984); Restatement (Second) of Conflict of Laws § 146). Here, Dr. Jiva's conduct occurred in New York. Further, the fourth factor also weighs in favor of application of New York law, and the first and third factors do not favor application of the law of either jurisdiction. *See supra*. Accordingly, New York has the stronger interest in having its law applied to this medical malpractice claim. *See also Drs. Groover, Christie & Merritt*, 917 A.2d at 1118 ("As a rule, 'the state with the most significant relationship should also be the state whose policy is advanced by application of [its] law.'" (quoting *Hercules*, 566 A.2d at 41 n.18)).

The Court therefore concludes that New York law governs Mr. Wall's medical malpractice claim and **ADOPTS** this portion of Magistrate Judge Harvey's R. & R.

> **B.    The Court Will Not Permit Mr. Wall to Pursue His Previously Dismissed Negligence and Bad Faith Claims Against Dr. Jiva**

Mr. Wall asks the Court to "reinstate" his negligence and bad faith claims against Dr. Jiva. *See* Pl.'s Objs., ECF No. 84 at 1-7; Pl.'s Mot., ECF No. 85 at 1-8. He admits "uncertainty as to how the Court must achieve th[is] result," Pl.'s Objs., ECF No. 84 at 6; and provides two routes: (1) reject Magistrate Judge Harvey's recommendation that the Court grant Dr. Jiva's motion and instead convert the medical malpractice claim into a negligence claim, *see id.* at 1-7; or (2) vacate the Court's June 1, 2021 Order dismissing Counts II and IV of the Second Amended Complaint and reinstate those claims against Dr. Jiva, *see* Pl.'s Mot., ECF No. 85 at 1-8. For the reasons below, the Court **DENIES** Mr. Wall's motion.

> **1.    Magistrate Judge Harvey Appropriately Considered Only Mr. Wall's Medical Malpractice Claim Against Dr. Jiva**

Mr. Wall first argues that, upon concluding that a physician-patient relationship did not exist, Magistrate Judge Harvey should have reinstated his negligence and bad faith claims against Dr. Jiva instead of granting Dr. Jiva judgment on the pleadings. *See* Pl.'s Objs., ECF No. 84 at 1-7. He reasons that judgment on the pleadings is inappropriate because the Second Amended Complaint contains material facts that Dr. Jiva did not dispute. *See id.* at 2-3. He further contends that

Magistrate Judge Harvey erred by failing to consider whether the medical malpractice claim could be converted into negligence and bad faith claims given the caselaw in New York permitting the latter two claims to proceed without the existence of a physician-patient relationship. *See id.* at 3-6.

The Court concludes that Magistrate Judge Harvey appropriately recommended that Dr. Jiva be granted judgment on the pleadings. As explained *supra*, Magistrate Judge Harvey correctly determined that there was no physician-patient relationship between Mr. Wall and Dr. Jiva. The facts Mr. Wall discusses in his Objections to the R. & R. go to the elements of a medical malpractice claim. *See* Pl.'s Objs., ECF No. 84 at 1-7. But because "'[l]iability for medical malpractice may not be imposed in the absence of a physician-patient relationship,'" *Blau v. Benodin*, 140 N.Y.S.3d 576, 579 (N.Y. App. Div. 2021) (quoting *Thomas v. Hermoso*, 973 N.Y.S.2d 344, 346 (N.Y. App. Div. 2013)); Dr. Jiva did not need to establish anything else to succeed in his motion.

The only appropriate action for the Court to take, then, is to grant Dr. Jiva judgment on the pleadings. *See* Fed. R. Civ. P. 12(c). Magistrate Judge Harvey had no occasion to consider taking any other action, including reinstating claims that this Court previously dismissed, because Dr. Jiva's motion was the only motion before him. *See* Docket for Civ. Action No. 20-2075.

Accordingly, the Court **ADOPTS** Magistrate Judge Harvey's recommendation that the Court grant Dr. Jiva judgment on the pleadings.

> **2.    The Court Agrees with Its Prior Decision to Dismiss Mr. Wall's Negligence and Bad Faith Claims Against Dr. Jiva**

Mr. Wall has also filed a motion asking the Court to vacate the part of its June 1, 2021 Order dismissing his negligence and bad faith claims against Dr. Jiva. *See* Pl.'s Mot., ECF No. 85.

The Court construes the Motion to Vacate as a motion for reconsideration under Rule 54(b). *See Campbell v. U.S. Dep't of Just.*, 231 F. Supp. 2d 1, 6 n.8 (D.D.C. 2002) (noting that Rule 54(b) supplies the appropriate standard where a party asks the court to alter or amend an interlocutory judgment). Rule 54(b) provides that an order or decision which "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is subject to revision "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). A Rule 54(b) motion for reconsideration should be granted "as justice requires." *Cobell*, 355 F. Supp. 2d at 539. What "justice requires" depends on the circumstances. *Id.* For example, justice may require revision of a prior opinion and order when the Court "has patently misunderstood a party," has made a decision outside the scope of the issues presented by the parties, "has

21

made an error not of reasoning but of apprehension," or where
there has been a significant or controlling change in the law or
facts since the issue was submitted to the Court. *Id.* (citations
and internal quotation marks omitted). The Court has broad
discretion in ruling on a Rule 54(b) motion for reconsideration.
*Id.*

    As a preliminary matter, Dr. Jiva argues that Mr. Wall's
Motion to Vacate is untimely. Def.'s Opp'n, ECF No. 86 at 3, 5-
6. He contends that "[t]here is significant undue delay [in Mr.
Wall's] request, as the matter has been pending for almost two
years and Defendant Jiva's Motion for Judgment has been pending
for approximately four (4) months." *Id.* at 5 (citing *Smith v.
Angelone*, 111 F.3d 1126, 1135 (4th Cir. 1997); *Molovinsky v.
Monterey Co-Op, Inc.*, 689 A.2d 531, 534 (D.C. 1996)). He also
compares this motion to a motion for leave to amend a complaint
after summary judgment has been granted and points to the
caselaw denying such motions to amend where, as here, "the
[p]laintiff has waited many years before seeking amendments or
summary judgment has already been granted." *Id.* (citing *Gillard
v. Gruenberg*, 302 F. Supp. 3d 257, 273 (D.D.C. 2018)).

    The Court declines to find Mr. Wall's Motion to Vacate to
be untimely. The Federal Rules do not establish a deadline for
filing a Rule 54(b) motion. *See* Fed. R. Civ. P. 54(b). The Court
finds no occasion to impose a deadline here. Dr. Jiva's

citations are unpersuasive: *Smith* involves a federal habeas petition, *Smith*, 111 F.3d at 1128, 1135; and *Molovinsky* involves state court rules on amending a complaint, *Molovinsky*, 689 A.2d at 533-34 (discussing D.C. Super. Ct. R. Civ. P. 15). This motion is also unlike a motion for leave to amend a complaint; Mr. Wall is instead asking the Court to revise its prior Memorandum Opinion and Order so that he may pursue claims he has already attempted to add to his complaint. *See* Second Am. Compl., ECF 32. The Court therefore will proceed to the merits of the motion.

Mr. Wall contends that the Court must allow him to pursue his negligence and bad faith claims because it "is not in the interest of justice" for him to be left without a remedy against Dr. Jiva. Pl.'s Mot., ECF No. 85 at 1. As to the negligence claim, he first argues that "the Court did not offer any analysis of the claim specifically against Dr. Jiva" and instead determined that ERISA preempted the negligence claim against Reliance. Pl.'s Mot., ECF No. 85 at 2 (citing *Wall*, 2021 WL 2209405, at *9). He reasons that, like his medical malpractice claim, his negligence claim against Dr. Jiva does not "relate to" an ERISA plan. *Id.* at 5 (citing *Padeh v. Zagoria*, 900 F. Supp. 442, 445, 447 (S.D. Fla. 1995)). Mr. Wall has misread the Court's prior Memorandum Opinion. There, the Court specifically considered his negligence claims against Reliance, Dr. Brodner,

and Dr. Jiva. *Wall*, 2021 WL 2209405, at \*9. The Court determined that none of these claims would survive a motion to dismiss because the claims "ask the Court to review the manner in which the termination decision was made" and thus seek to "supplement[ ] . . . the ERISA civil enforcement remedy." *Id.* (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)). The Court agrees with its previous reasoning that the negligence claim against Dr. Jiva is preempted. Because a preempted claim would not survive a motion to dismiss, the Court correctly denied Mr. Wall's motion for leave to amend his complaint to add this claim. *See James Madison Ltd. By Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss." (citing *Foman v. Davis*, 371 U.S. 178 (1962))).

Mr. Wall further argues that the Court failed to consider: New York caselaw permitting negligence claims when plaintiffs cannot pursue medical malpractice claims, the allegations he has made against Dr. Jiva, and the elements of a negligence claim. *See* Pl.'s Mot., ECF No. 85 at 2-6. The Court does not need to consider any of these arguments. A plaintiff may not maintain a state-law claim where, as here, it is preempted by ERISA. *See Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 319-20 (2016).

The Court therefore **DENIES** Mr. Wall's motion as to his negligence claim.

As to the bad faith claim, Mr. Wall accuses the Court of dismissing the claim without citing any authority or explaining its reasoning. *See* Pl.'s Mot., ECF No. 85 at 6. He contends that he "state[d] [his] case for bad faith" in the Second Amended Complaint and that he incorporated his bad faith claim from his New York State Department of Health complaint into the Second Amended Complaint. *Id.* at 5-6 (citing Second Am. Compl., ECF No. 32 ¶¶ 119, 176, 177-83). He also argues that the Rule 15(a)(2) standard requires that the Court allow him to maintain this claim. *Id.* at 8 (citing Fed. R. Civ. P. 15(a)(2)).

Again, Mr. Wall has misread the Court's prior Memorandum Opinion. There, the Court explained: "As to his claims for 'bad faith' against . . . Dr. Jiva, Mr. Wall has presented no authority supporting a common law cause of action for 'bad faith' under District of Columbia law based on the allegations in the Amended Complaint, and the Court is aware of none." *Wall*, 2021 WL 2209405, at *6. Having reviewed the Second Amended Complaint and incorporated materials again, the Court agrees with its prior analysis. In the Second Amended Complaint, Mr. Wall discusses bad faith claims—but only against insurance companies. Second Am. Compl., ECF No. 32 ¶¶ 119-174. He does not provide any legal authority for his claim against Dr. Jiva, *see*

25

*id.* ¶¶ 176-77; and the papers he incorporates do not supply that authority either, *see* Ex. 22, ECF No. 21-22 at 24-25. By failing to cite any legal authority, Mr. Wall failed to provide a theory of liability and therefore failed to state a claim to relief. *See Young v. U.S. Dep't of Lab.*, No. CV 17-02428 (JDB), 2018 WL 3941948, at *5 (D.D.C. Aug. 16, 2018) (dismissal was warranted where complaint did not include the specific causes of action under which the plaintiffs were suing). Accordingly, the Court **DENIES** Mr. Wall's Motion to Vacate as to his bad faith claim.

## IV.  Conclusion

For the reasons explained above, the Court **ADOPTS** Magistrate Judge Harvey's R. & R., *see* ECF No. 83; **GRANTS** Dr. Jiva's Motion for Judgment on the Pleadings, *see* ECF No. 73; and **DENIES** Mr. Wall's Motion to Vacate Part of the Court's June 1, 2021 Order, *see* ECF No. 85. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**           United States District Judge**
**           March 27, 2023**